UNITED STATES BANKRUPTCY COURT        **NOT FOR PUBLICATION**
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

    Katherine Czarnecki a/k/a Katherine
    A. Czarnecki f/k/a Katherine Nelson
    f/k/a Katherine Meacham                       Case No. 11-10325 K

                              Debtor
-------------------------------------------------------------------
William Lambert

                              Plaintiff

      -vs-                                 AP No. 11-1041 K

Katherine Czarnecki a/k/a Katherine A. Czarnecki
f/k/a Katherine Nelson f/k/a Katherine Meacham

                              Defendants
-------------------------------------------------------------------


Jason G. Ulatowski, Esq. (Argued)
Daniel E. Sarzynski, Esq. (On the Brief)
Rupp, Baase, Pfalzgraf, Cunningham, Coppola, LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202

Attorney for Plaintiff


Denis A. Kitchen, P.C.
8899 Main Street
Williamsville, NY 14221

Attorney for Defendant

OPINION AND ORDER

The Debtor's Motion for Summary Judgment of Dismissal of this Dischargeability Complaint is denied for the following reasons.

First, the Debtor's reliance on the Statute of Frauds (N.Y. General Obligations Law § 5-703(2)) is misplaced. This is not an action to establish an "interest in real estate." It is an action for promissory fraud. (See paragraph 30 of the Complaint.) The allegation is that the Debtor made promises she never intended to keep, and by that means induced the Plaintiff to incur $25,149.65 in losses. The fact that the method she allegedly chose involved real estate is incidental.

Second, the parties' respective Affidavits prove, of themselves, that there are disputed issues of material fact requiring trial.

Third, the 13th paragraph of the Debtor's Motion ("The Plaintiff has suffered no loss" because he has enjoyed the property "rent free") rests on circular reasoning. If in fact the Debtor did defraud the Plaintiff by promising an ownership interest that she never intended to give him, then giving her an offset for the fair rental value permits her to profit from her own wrongdoing. What the Plaintiff would have paid to someone else to rent that property (someone who did not defraud him) is irrelevant. To assist in understanding this point, consider a different fact pattern, loosely based upon a case over which this writer presided many years ago. A young man inherits a trash-hauling business. He asks an equipment financier to loan him money secured

by the business' trucks and equipment, which were worth $500,000. The financier says "I don't do things that way. Sign all the title certificates over to me and I will loan you $100,000. When you repay me with interest three years later I will sign the titles back over to you." The deal is completed that way. After the loan is repaid, the financier refuses to sign the titles back over. The young man sues. The financier asserts the affirmative defense that the fair rental value of the trucks, etc. , for that 36-month period was so substantial that the plaintiff has suffered no loss. He earned a lot of money by using them. If it is proven that the financier was of the "there's-a-sucker-born-every-minute" philosophy at the outset, never intending to transfer the vehicles and equipment back, then allowing that affirmative defense would unjustly enrich the financier. He will have gotten a half-million dollars' worth of trucks and equipment for free (because the loan was fully repaid) and have left the plaintiff without a remedy. That would be the "profiting from one's own wrongdoing" that has been forbidden by law for centuries. It would teach that "fraud pays."

Fourth, the 15th paragraph of the Debtor's Motion seems to overreach in its characterization of the Plaintiff's theory of recovery. Knowing nothing of what led to the Debtor's financial problems and subsequent bankruptcy filing, this Court cannot understand why the Plaintiff's theory must be viewed as alleging a scheme by which the Debtor would eventually file bankruptcy, with ruined credit. In a promissory fraud case, the question is not whether the tortfeasor eventually profited by the fraud. It is "What did the victim lose?" As the Court reads the Plaintiff's papers, what is alleged is a scheme to get money from him to purchase a home that she intended to own by herself, despite her promise that they would own it together. The fact that

that scheme did not turn out well for her financially (assuming that such a scheme is proven at trial) it is not alleged by the Plaintiff that ruining her credit and ending up in bankruptcy was part of the scheme.

Neither side has expressed an interest in further discovery. This case is set down for trial on **September 25, 2012 at 10:00 a.m.** Mark exhibits at 9:30 a.m.

SO ORDERED.

Dated:	Buffalo, New York
	July 24, 2012

				s/Michael J. Kaplan
				_____
				Michael J. Kaplan,  U.S.B.J.